Argued July 19, affirmed September 12, 1916.

# GUNNELL *v.* VAN EMON ELEVATOR CO.*

### (159 Pac. 971.)

**Master and Servant—Master's Duty—Employers' Liability Act.**

1. Under Employers' Liability Act (Laws 1911, p. 16), Section 1, an elevator company, employing a constructor's helper to do repair work upon the premises of a realty company and having charge of such work and control of the situation, was bound to use every device, care and caution which it was practicable to use for the protection and safety of life and limb.

**Negligence—Condition of Premises—Elevator.**

2. The owner of a building in which an elevator was operated was bound to take reasonable care and precaution against injuries to a constructor's helper in the employ of an elevator company engaged in repairing such elevator.

[As to liability of master to servant injured by elevator, see note in 56 Am. St. Rep. 806.]

**Master and Servant—Action for Injury—Question for Jury—Control of Place of Work.**

3. In an action by plaintiff, employed by an elevator company as a constructor's helper, for injury while on the premises of a realty company engaged in the repair of an elevator, evidence that the elevator company assumed control of the elevator in the adjoining shaft by which plaintiff was injured *held* sufficient to take the case to the jury on the issue of failing to provide a safe place in which to work.

**Appeal and Error—Right to Complain—Instructions.**

4. Plaintiff having joined the employer and the owner of the premises upon which he was injured while engaged in repair work, and alleged negligence on the part of each concurring in the resulting injury, neither defendant could complain of an instruction more favorable to its codefendant than to itself.

**Negligence—Master's Liability—Contributory Negligence.**

5. Under Employers' Liability Act, Section 6, the contributory negligence of the person injured is not a defense, but may be taken into account in fixing the amount of the damages.

**Trial—Instructions—Evidence.**

6. In an action by a constructor's helper in the employ of an elevator company for injury while engaged in repair work on the premises of a realty company by reason of the employer's failure to provide a safe place in which to work, an instruction that, if there was a safe way to do the work and plaintiff voluntarily chose an unsafe way,

*As to the constitutionality, application and effect of the federal Employers' Liability Act, see comprehensive notes in 47 L. R. A. (N. S.) 38; L. R. A. 1915C, 47.    REPORTER.

his negligence would defeat recovery was properly refused, where there was no evidence that there were two ways of doing the work, one dangerous and the other safe.

From Multnomah: WILLIAM N. GATENS, Judge.

Department 2.   Statement by MR. JUSTICE BURNETT.

The plaintiff, R. C. Gunnell, brings this action against two corporate defendants. The Van Emon Elevator Company is a California corporation authorized to transact business in this state, and the Broadway Realty Company is a domestic institution. The complaint avers that the latter concern at the time mentioned therein was in possession and control of eight office floors, the machinery-room, the two elevators in the lobby, and the elevator lobby on the first floor of what was known as the Broadway Building in Portland, and employed men to operate the elevators for the use and accommodation of its tenants in the building. When the injuries complained of happened the plaintiff was an employee of the elevator company as a constructor's helper. His employment is admitted by his employer. He states that at 6:30 o'clock P. M. on August 28, 1913, he was ordered by the elevator company to report with a fellow-employee at the Broadway Building for the purpose of making some repairs upon one of the elevators, and to that end his employer instructed him and his fellow-servant, and the realty company permitted, allowed and directed the two to use the elevator running in the south hatchway. In the progress of the work the plaintiff seated himself upon a concrete beam adjacent to the north elevator, for the purpose of countersinking some bolts in the guide-rails which controlled the counterweights of the elevator, as instructed by his employer and permitted and directed by the realty company. While this was going on the operator of the north elevator,

an employee of the realty company, whom the plaintiff alleges was under the direction, control and instruction of the elevator company and the realty company, carelessly and recklessly started the north elevator, but without warning, and, heedless of the warning cries given him by plaintiff, continued to operate the elevator upward at a high rate of speed, so that it struck the plaintiff on the left hip as he sat upon the beam on the fifth floor, and threw his body, and particularly his left foot, so that it came in contact with the counterweight, causing the injury of which complaint is made. The charge or negligence is in these terms:

"At the time and place at which plaintiff was injured, the defendants were negligent in permitting the elevator, which was operated by electricity, to be operated when the same was not 'provided with a system of communication by means of signals so that at all times there might be prompt and efficient communication between the employees and operator of the motive power,' as by law provided, and that it would have been practical to install such a system by furnishing electric bells, or by having the elevator stop while ascending at the fourth floor, and by having said elevator stop at the sixth floor, to ascertain whether the hatchway was clear at the fifth floor, and by having said elevator stop at the sixth floor when descending from the top to ascertain whether the hatchway was clear at the fifth floor, all of which could have been done without impairing the efficiency of the work as by law provided; in failing to give plaintiff warning that the elevator in the north hatchway was to proceed upward at the time in question, and not stopping to ascertain whether the hatchway was clear at the fifth floor; in failing to furnish plaintiff with a safe place in which to work; in failing to give plaintiff warning as to the dangers to be encountered in working in and about the place where plaintiff was injured; in failing to provide and have on the job an experienced and

competent foreman in charge of the work at the time of the accident; and in failing to use every device, care and precaution which it was practical to use for the safety of life and limb of the plaintiff, in that the elevator in the north hatchway could have been shut down while work was being carried on in the elevator in the south hatchway, and that such precaution would not have impaired the efficiency of the elevator as by law required; that as a result of said failures, the weight which counterbalances the elevator in the north hatchway came in contact with plaintiff at the fifth floor, crushing plaintiff's said foot and causing the elevator operator to become excited and reverse the elevator, making it descend, with the result that the counterweight of said elevator was further moved and plaintiff's said foot further injured.''

The answer of the elevator company traverses all the allegations imputing liability to it. It stated, in substance, that it had no control whatever over the north elevator; that the same was operated at the time by an employee of the other defendant, all of which was well known to the plaintiff; that the latter carelessly and unnecessarily allowed his foot to hang over the well in which the counterweight of the north elevator was hung, fully knowing that if he did so the weight would crush his foot and injure it; and that with such knowledge he fully appreciated and understood the risks of taking such a position, and thereby assumed all the danger of injury. A second defense is couched in much the same language, and imputes to plaintiff negligence contributing to his own injury. All this new matter was traversed by the reply. The other defendant made a separate answer, which it is not necessary to consider, for the reason that at the trial the jury brought a verdict in favor of the plaintiff and against the Van Emon Elevator Company without mentioning the other defendant in any way.

Upon this verdict a judgment was rendered in favor of the plaintiff and against the elevator company, and the latter appeals.                    AFFIRMED.

For appellant there was a brief over the name of *Messrs. Sheppard & Brock,* with an oral argument by *Mr. C. A. Sheppard.*

For plaintiff-respondent there was a brief and an oral argument by *Mr. E. L. McDougal.*

For defendant-respondent there was a brief submitted over the name of *Messrs. Giltner & Sewall.*

MR. JUSTICE BURNETT delivered the opinion of the court.

1-4. One of the contentions of the defendant appealing is that the court erred in instructing the jury that the degree of care due from it to its employee was measured by what is known as the Employers' Liability Act, while the same instruction imputed to the other defendant only the common-law measure of care, the deduction being that, inasmuch as the plaintiff had charged the defendants jointly, it must follow that they should be treated alike by the court as to the measure of diligence in protecting the plaintiff from harm while engaged in the work in question.

It is admitted in the pleadings between the parties before us that the plaintiff was an employee of the elevator company at the time of the accident. Its liability must be measured by the relation thus existing between it and the plaintiff. The same general principle would apply to the other defendant. Each of them must be judged by the duty it owed to the plaintiff. But the record shows that the connection between the plaintiff and each of the defendants was dif-

ferent. In the one case there was the condition of master and servant, and in the other that intimate connection did not exist. The Broadway Realty Company was bound only to take reasonable care and precaution against injuring the plaintiff. As to the appealing defendant, the employer of the plaintiff, the rule is prescribed in the Employers' Liability Act, the concluding clause of the first section of which is in this language:

"And generally, all owners, contractors or subcontractors and other persons having charge of, or responsible for, any work involving a risk or danger to the employees or the public, shall use every device, care and precaution which it is practicable to use for the protection and safety of life and limb, limited only by the necessity for preserving the efficiency of the structure, machine or other apparatus or device, and without regard to the additional cost of suitable material or safety appliance and devices."

There are many authorities cited by the appellant to the effect that where a master sends a servant in his general employment to work upon the premises of a third party, the employer is not responsible for an injury happening on account of the dangerous condition of the place over which the employer has no control, but that the liability, if any, must be visited upon the owner of the realty. All of those cases are instances where no such statute as our employers' liability law existed. This legislation has superseded that rule, and has explicitly visited upon a person who has charge of a work involving a risk or danger the duty of taking every precaution against the happening of an injury. There is ample testimony in the case to show that the Van Emon Elevator Company had control of the situation. It is admitted that it had charge of the work of repairs. It knew the surroundings, and

it was incumbent on it, when it sent its employee into the elevator shaft, to take precautions for his safety and provide for him a safe place in which to work. If it could not do so, it should have declined the undertaking. There was testimony, however, tending to show that it did assume control of the elevator, at least on the south side. This is sufficient to take the case to the jury independent of the authorities cited by the defendant. The negligence imputed to the Van Emon Elevator Company was of a negative sort, in failing to provide a safe place in which to work, and the like. The violation of duty attributed to the other defendant was of an affirmative nature, in that its careless act of operation of the machine produced the injury. In other words, approaching the scene from a different standpoint, the several shortcomings of each defendant concurred with the result that the plaintiff was hurt. Each defendant was bound by his own duty. Neither can complain of a direction given to the jury more favorable to its codefendant than to itself. The instruction correctly defines the duty of the elevator company, and it must be bound by it, irrespective of a charge more favorable to the other defendant.

5. Complaint is made of the refusal of the court to instruct the jury, at the request of the elevator company, to the effect that if there was a safe way for doing the work and an unsafe way, choice between which was within the power of the plaintiff, and he voluntarily chose the unsafe way, he would be guilty of contributory negligence utterly defeating his recovery. An answer to that is that the employers' liability law (Section 6), expressly says:

"The contributory negligence of the person injured shall not be a defense, but may be taken into account by the jury in fixing the amount of the damages."

6. Moreover, the testimony fails to disclose a situation of the kind intimated by the requested instruction. It does not show that there were two ways of doing the work, one dangerous and the other safe. The only testimony on that point is that of the plaintiff himself, to the effect that the position he assumed was the only one from which could be accomplished the particular part of the work in which he was engaged when the accident happened. On both grounds, therefore, the court was justified in refusing the instruction. There is no error in the record, and the judgment is affirmed.                    AFFIRMED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE BEAN and MR. JUSTICE HARRIS concur.

MR. JUSTICE EAKIN absent.