Submitted on briefs February 25, affirmed March 11, 1919.

## SUEY *v*. BENSON HOTEL CO.

(179 Pac. 239.)

**Trial—Instructions—Construction of Charge as a Whole.**

1. That an instruction failed to refer to the necessity of proof that the alleged negligence was the proximate cause of the injury, or that plaintiff must recover on the acts of negligence alleged, was immaterial, where the court correctly instructed the jury on those points elsewhere in the charge.

Trial—Instructions Already Given.

2. No error was committed in refusing to give instructions as to plaintiff's contributory negligence, where a part of the charge given covered the same ground.

Master and Servant—Contributory Negligence—Violation of Statute by Employer.

3. Under the Employers' Liability Act, negligence of an elevator operator employed by a hotel company in occupying a dangerous position on the elevator platform was no defense since, by such act, the employer is required to construct the elevator so that there will be no dangerous positions thereon.

[As to operation of elevator as employment within purview of Workmen's Compensation Act, see note in Ann. Cas. 1917D, 16.]

From Multnomah: ROBERT G. MORROW, Judge.

In Banc.

Plaintiff brings this action to recover compensation for personal injuries suffered by him in an elevator in the defendant's hotel. The complaint, which, for want of space, cannot be set out in full, alleges that at the time of the accident the plaintiff was an employee of defendant and that his duties as such employee required him to ascend and descend between the basement and the thirteenth floor of the building in an elevator which is described with considerable detail. The negligence charged is to the effect that the elevator cage was not equipped with a wall or sliding door on the northerly side thereof, although there were exits on that side, and that instead of such protection there was a flimsy strap-iron lattice or gate which had been negligently left in a vertical position across the northerly opening in the cage, leaving a strip approximately six inches wide by four feet long, of the floor of the first basement inside the iron grating and gate, which, when the floor of the elevator was on a level with the floor of the first basement, was within, and appeared to be a part of the elevator cage and floor, and that defendant could easily have pro-

vided a door in the northerly side of the cage or in the
northerly wall of the shaft which would have saved
the plaintiff from the injury which he suffered, and
which, it was alleged, was caused by his standing with
his feet resting partly upon the floor of the basement
and partly upon the floor of the cage at the moment
when the elevator started its ascent; that when he
tried to recover himself the flimsy construction of the
latticed gate rendered it useless as a support for his
efforts, resulting in injuries which left him a helpless
cripple for the remainder of his life. The complaint
also pleads an ordinance of the City of Portland re-
quiring passenger elevators to be provided with a
door on the inside of the car to correspond with the
openings in the shaft and that such door be closed
when the car is in motion.

The answer denies the allegations of negligence, and
pleads affirmatively that the accident occurred solely
through the negligent acts of the plaintiff.

A reply joined issue upon the affirmative allegations
of the answer. At the time of trial, and to avoid the
necessity of a view of the premises by the jury the
parties entered into the following stipulation:

"It is admitted for the purpose of this case by the
attorneys for the defendant, that so far as the elevator
in question was concerned that there were two openings
into the elevator shaft, one on the south side thereof
and one on the north side thereof; that the openings
referred to are openings into the shaft. That on the
inside of the elevator cage or car there was no door
on either side; that on the south side there was a door
opening into the elevator shaft; that on the north side,
where the plaintiff was hurt, there was a collapsible
strap-iron gate, which was located at a distance from
the floor of the car, four inches at one end and five
inches at the other end, north from the edge of the
elevator platform.

"It is further stipulated that doors or gates could have been placed inside of said elevator car or cage in front of each entrance, at a reasonable cost, which would be practicable for the preservation and efficiency of said elevator car, and which would be practicable for the protection and safety of life and limb.

"It is further stipulated that as to the above the plaintiff need introduce no evidence on the above matters stipulated.

"It is stipulated that the above were the conditions that existed at the time of the accident complained of in the complaint."

There was a verdict and judgment for plaintiff, and defendant appeals.          Affirmed.

For appellant there was a brief submitted over the name of *Messrs. Senn, Ekwall & Recken.*

For respondent there was a brief prepared and presented by *Messrs. Ridgway & Johnson* and *Messrs. Wilbur, Spencer & Beckett.*

BENSON, J.—The assignments of error, five in number, allege error in the giving of one instruction, and in the refusal to give four which were requested by the defendant.

Among other elements of the charge, the court advised the jury as follows:

"There was passed by the people of the State of Oregon an initiative law, which became effective on proclamation of the Governor, on December 3, 1910, and was the law at the time the accident complained of herein occurred, to wit, August, 1917, and I will read you a portion of said law, which says: 'and generally all owners * * having charge shall use every device, care and precaution which is practicable to use for the protection and safety of life and limb, limited only by the necessity for preserving the efficiency of

the structure, machine or other apparatus or device and without regard to the additional cost of suitable material or safety appliances and devices.'

"Now put in a little different form, this act means every owner of any device which involves danger to persons using it, or being conveyed by it, shall use every care and precaution practicable for the protection and safety to persons, limited only by the necessity of preserving the efficiency of the device or machine; and that must be done without regard to the expense of it.

"So far as that law is concerned, therefore, you should investigate and find out as a matter of fact whether or not the defendant in this case could have used any device or protection so as to have prevented the accident complained of; and still have permitted a proper and efficient use of the elevator; and the question of the additional cost is not material.

"If in this case you should find that the defendant could have used some device or some protection, so as to have prevented this accident, and at the same time have permitted an efficient operation of the elevator, then the defendant in the case is liable under the law referred to. In other words, a person operating a device which involves danger to those who operate it, or to those who may use it, must at his peril adopt every device for the safety of the people who use it; and if the owner or person operating it does not do so he must respond in damages in case of an injury."

1. Counsel for defendant challenges this statement of the law in two particulars: First, that it omits any reference to necessary proof that the alleged negligence of defendant was the proximate cause of the injury. If the instructions when read as a whole, were lacking in this vital element of the plaintiff's burden, there would be merit in defendant's contention, but we find that at another point in the court's charge, this language was used:

"Before the plaintiff is entitled to a verdict he must satisfy you by a preponderance of the evidence, that the negligence of the defendant was the proximate cause of the injury."

And yet again, the court said to the jury:

"Before you can find a verdict for the plaintiff you must be satisfied by a preponderance of the evidence that the defendant company was guilty of negligence and that this negligence produced the injury."

We do not understand that a trial court must incorporate all of the law relative to a given state of facts into one sentence or into one paragraph of his charge, but that it is sufficient if upon a consideration of the entire charge, he has given to the jury a clear statement of the legal principles involved, sufficient to enable them to arrive at a just verdict upon the facts: *State* v. *Megorden,* 49 Or. 259 (88 Pac. 306, 14 Ann. Cas. 130), and cases there cited.

The other ground of attack is the contention that the court erred in using this language:

"If in this case you should find that the defendant could have used some device or some protection, so as to have prevented this accident, and at the same time have permitted an efficient operation of the elevator, then the defendant in the case is liable under the law referred to."

It is urged that this language is so broad that it permits the jury to hold the defendant liable for the absence of any device, regardless of whether the absence of such device was pleaded and regardless of whether the absence of such device was supported by any evidence.

Here, again, the instruction which is criticised must be read in connection with its context. We find the court also saying to the jury:

"You would not be justified in returning a verdict for the plaintiff if you should find he was hurt in an entirely different way altogether from what he has set up in his pleadings.  He has set up in his pleadings a story, and substantially he must prove that story."

The complaint specifies the particulars in which it is alleged that the defendant was negligent, and the facts as to the absence of the device specified in the complaint are recited in the stipulation of the parties. It follows, that even if the court had failed to advise the jury that the plaintiff must prevail, if at all, upon the facts alleged in his complaint, the record is so free from a suggestion of any other device, or any other species of negligence, that before we could say that the jury was misled by the language of which complaint is made, we must refuse to concede to the jury the possession of normal intelligence.

2. The third assignment complains that the court refused to give the following instruction:

"If you find that the injuries suffered by the plaintiff resulted solely from his own carelessness and negligence in the manner in which he placed himself upon this elevator, then I instruct you that he cannot recover in this action, and your verdict must be for the defendant."

The answer to this assignment is that the court covered the same ground in these words:

"If you find that the injuries suffered by the plaintiff resulted entirely from his own carelessness and conduct in the manner in which he placed himself in the elevator, then of course he cannot recover; because that assumes that there was no negligence on the part of the hotel company.  But in order to entitle him to recover he must show negligence such as I have defined to you, or negligence under the statute, before he is entitled to recover."

91 Or.—26

3. The fourth assignment is to the effect that the court erred in refusing to give as requested, the following:

"It was the duty of the plaintiff, Low Suey, to use his senses and faculties to avoid injury in going upon this elevator, and if you find that he could have taken a safe position on this elevator, but that instead of doing so he occupied a dangerous position near the edge of the platform, and that in so doing he brought upon himself the injuries of which he complains, then I instruct you that he cannot recover in this action and your verdict must be for the defendant hotel company."

This request apparently ignores the fact that the action is properly founded upon the Employers' Liability Act (Laws 1911, p. 16), under the provisions of which there should be no dangerous position upon the platform, and such negligence could no more than contribute to the injury, and therefore could not be a defense: *Gunnell* v. *Van Emon Elevator Co.*, 81 Or. 408 (159 Pac. 971).

The fifth assignment of error is so closely akin to the one just discussed, that it requires no further comment.

Finding no error in the record, the judgment is affirmed.                                          AFFIRMED.