## Martin v. Ackman.

(Decided Nov. 16, 1937.)

·GEORGE R. SMITH, GEORGE BATTERTON, RAYMOND MUCCI, STANLEY B. MAYER, and A. H. BARKER for appellant. DICKSON, BRADLEY & BLANTON for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Affirming.

On or about October 5, 1935, a motorbus owned by
D. A. Fleenor and being driven by R. L. Duncan and a
motortruck owned by E. H. Martin and being driven by
Dewey Reed came in collision near ·Greenwood, Ky., on
U. S. Highway 27 and Mrs. Loretta Ackman, a passen-
ger on the bus, sustained injuries as a result of the
collision.

She instituted this action against D. A. Fleenor,
doing business as the Fleenor Bus Lines, and E. H.
Martin, and R. L. Duncan and Dewey Reed, drivers of
the bus and truck, alleging that her injuries were
brought about by the concurrent negligence and care-
lessness of the defendants in the operation of the bus
and truck.

Fleenor and Duncan by joint and separate answers
traversed the allegations of the petition and alleged
that the collision and the resulting injuries to plaintiff,
if any, were caused and brought about solely by the
negligence of their codefendants in the operation of the
truck. Martin and Reed by their joint answers also
traversed the allegations of the. petition and alleged
that the collision and any injuries sustained by plaintiff
were due solely to the negligence of their codefendants
in the operation of the bus. Neither of the answers was
made a cross-petition, nor was any relief asked as
against the other defendants. The jury returned a ver-
dict for plaintiff against the defendants Fleenor and
Martin jointly in the sum of $4,000, and Martin alone is
appealing against Mrs. Ackman, Fleenor not being
made a party to the appeal.

When the case was called for trial, defendants
Fleenor and Duncan entered a motion for continuance
on account of the absence of important witnesses and
supported by the affidavit of Fleenor. No question is
made concerning the form or sufficiency of the affidavit.
The affidavit gives the name of the absent witnesses and
stated in substance that they would testify if present
that they witnessed the collision between the truck and
bus; that when they first saw the truck about 100 yards
away it was on the left side of the road and the bus
was as far over to its right as it was possible for the
driver to get; that the front of the bus and truck
passed, but that the trailer of the truck skidded or in.

some manner cut to the left side and struck the left side of the bus behind the driver's seat. The court overruled the motion for continuance, but permitted the affidavit to be read as the evidence of the absent witnesses to which defendants Martin and Reed objected. This ruling of the court is the basis of the first ground argued for reversal.

It is argued in effect that ex parte affidavits are not admissible as to controverted facts material to an issue or issues and that even under section 315 of the Civil Code of Practice the affidavit as to what may be proven by absent witnesses may not be read as the deposition of such witnesses without the consent of the adverse party; and it is asserted that as between appellant and Fleenor and Duncan, appellant was an adverse party.

The exact question has never been presented to this or any other court according to a statement of counsel, nor so far as our research discloses but there are a number of cases bearing close analogy. In Cumberland Telephone & Telegraph Company v. Ware's Adm'x, 115 Ky. 581, 74 S. W. 289, 292, 24 Ky. Law Rep. 2519, the action was against three alleged joint tortfeasors. In making up the jury, one of the defendants filed an affidavit stating that its defense was not in conformity with and was unfriendly to that of its two co-defendants and it asked the privilege of striking three names from the panel of the jury but was denied such privilege. The court, in construing section 2258 of the Statutes which provided, "Each party litigant in civil actions shall have the right of peremptory challenge to three jurors, and the right to challenge as now allowed by law," and after also quoting section 2267 of the Statutes, referred to Sodousky v. McGee, 4 J. J. Marsh 267, wherein it was held that if there be a plurality of plaintiffs they are only one party litigant and can challenge no more than three jurors, continuing said:

"The same is true of defendants. The words 'party litigant' appeared in the statute then under consideration as in the present statute. In construing them, the court said: 'The parties litigant mean the antagonistic sides of the controversy. If there be a plurality of plaintiffs, they are all only one party litigant. So a plurality of defendants constitute one, and but one, party to the suit.' "

It is a universal rule that a joint tort-feasor against whom judgment has been rendered will not be heard to complain on appeal, especially in the absence of cross-appeal, that judgment was not obtained against a co-defendant to the suit or that the suit was dismissed as to a codefendant. Smith v. Graves, 59 Ind. App. 55, 108 N. E. 168; Voelker v. Hill-O'Meara Construction Company, 153 Mo. App. 1, 131 S. W. 907; Talcott Land Company v. Hershiser, 184 Cal. 748, 195 P. 653; Armstrong v. Citizens' & Southern Bank, 145 Ga. 861, 90 S. E. 44; Lansing Liquidation Corporation v. Heinze, 184 App. Div. 129, 171 N. Y. S. 738; Roberts v. Abney (Tex. Civ. App.) 189 S. W. 1101; Standard Oil Company of Indiana v. Robb, 85 Ind. App. 21, 149 N. E. 567; Bremner v. Hendrickson (C. C. A.) 31 F. (2d) 893; Barr v. Nafziger Company, 328 Mo. 423, 41 S. W. (2d) 559; Lewis v. Beckard, 118 Neb. 533, 225 N. W. 462; Fitzgerald v. Gore, 147 A. 469, 7 N. J. Misc. 910. And this rule has been recognized and followed in the case of National Concrete Construction Company v. Duvall, 150 Ky. 192, 150 S. W. 46, 49 where the appealing defendant complained of the action of the lower court in directing a verdict in favor of the codefendants and where it was said:

"Being charged as joint tort-feasors, the Concrete Company has no cause for complaint that the court directed a verdict in favor of the Sanitary Company. There being no cross-appeal by the plaintiff, the propriety of the court's action in the respect is not before us."

In Town of Central Covington v. Bellonby, 70 S. W. 622, 623, 24 Ky. Law Rep. 1092, an injured pedestrian had sued both the municipality and the private individual who obstructed the street and recovered judgment against the town alone. On appeal one of the grounds urged for reversal was the failure of the jury to find a verdict against Richard Lambert where there was evidence to show he was responsible for the obstruction complained of. In disposing of that contention it was said:

"As to whether the jury should have found against Lambert, or not, is a question that we are not called upon to discuss or decide, for the reason that appellee is not now complaining of the judgment, and the appellant not having sought any

judgment over against Lambert in the court below, and he is not even made a party to this appeal. We fail to perceive wherein the appellant has any right to complain of the verdict in favor of Lambert."

As will presently appear, a defendant on appeal may not predicate error on the fact that instructions were too favorable to a codefendant.

By parity of reasoning it follows as we conclude that in the circumstances shown appellant's contention that error was committed in permitting the affidavit to be read as the deposition of the absent witnesses cannot prevail.

It is next argued that instruction 9 given by the court was erroneous and prejudicial in that it gives undue prominence to evidence offered on behalf of appellant's codefendants Fleenor and Duncan. The instruction is to the effect that Fleenor and Duncan were not insurers of passengers on Fleenor's bus and authorized a finding for Fleenor and Duncan if the jury should believe and find from the evidence that the driver of the bus was observing the duties imposed upon him under the instructions and that while the bus was in the act of passing the truck and trailer, the trailer was caused to swerve or skid to its left of the center of the road and thereby strike defendant's bus.

In the first place this instruction did not authorize a finding against appellant but submitted an issue made by evidence in favor of Fleenor and Duncan. In the second place and as already pointed out, appellant asked no relief against his codefendants and they have not been made parties to this appeal by cross-appeal or otherwise. In such circumstances it has generally been held that an appealing defendant will not be heard to say that instructions given were too favorable to a codefendant. McGillivray v. Great Northern Railway Company, 145 Minn. 51, 176 N. W. 200; Gunnell v. Van Emon Elevator Company, 81 Or. 408, 159 P. 971; Bezera v. Associated Oil Company, 117 Cal. App. 139, 3 P. (2d) 622.

Finally, it is argued that the court erred in requiring counsel for appellant to make the first argument before the jury and sections 317 and 526 of the Civil Code of Practice are cited. So much of the first section cited as is pertinent provides:

"In the argument, the party having the burden of proof shall have the conclusion and the adverse party the opening. If there be more than one speech on either side, or if several defendants having separate defenses appear by different counsel, the court shall arrange the relative order of argument."

The latter section provides in effect that the burden of proof is on the party who would be defeated if no evidence was introduced on either side. Clearly, the burden of proof rested upon appellee and this carried the right to the concluding argument. The defenses made by the two answers were practically identical and neither, as already indicated, asked any relief against the codefendants. Under the quoted excerpt from subsection 6 of section 317 of the Code, the court is invested with a discretion in arranging the order of argument as between the several defendants, their defenses being identical and neither entitled under the pleadings to relief as against the other. There is no provision in the Code or elsewhere for giving one preference over the other and we are constrained to hold that there was no abuse of discretion upon the part of the court in fixing the order of argument.

Judgment affirmed.