### Hargis v. Noel et al.

June 3, 1949.

James P. Hanratty for appellant.

Milburn Keith and Sam Fruit for appellee.

OPINION OF THE COURT BY CLAY, COMMISSIONER—Reversing.

These consolidated actions arise out of an automobile accident which occurred on U. S. Highway 41 north of Hopkinsville. Appellees Bertha and Loverta Cavanah were riding in an automobile operated by appellee Noel. All three were injured when the latter lost control of her car in attempting to avoid a collision with a car driven by appellant. The Cavanahs sued appellee Noel and appellant jointly. Appellee Noel sued appellant in an independent action which was consolidated with the former action for trial. The trial Court directed a verdict in favor of all three appellees against appellant, and directed a verdict in favor of appellee Noel on the claims of the Cavanahs. The only issue on this appeal we feel it necessary to decide is the propriety of the directed verdicts against appellant.

Appellant, about 7:00 a. m. on November 7, 1947, was driving south toward Hopkinsville. He stopped on the right off the traveled portion of the highway to pick up Mrs. Smith, a passenger who frequently rode with him to work. After she entered the car he proceeded to drive onto the highway and continue his trip.

Appellee Noel was approaching from the rear in her automobile at a speed she estimates at 35 to 40 miles an hour. She testified she was about 70 feet away when appellant pulled out in front of her. She applied the brakes, lost control of her car, swerved in the road, and struck an oncoming truck. Her automobile at no time came in contact with that of appellant's. The owner and operator of the truck are not involved in this controversy.

Appellant did not give any signal to indicate his movements. According to his testimony, before driving onto the highway he saw, in his rear view mirror, appellee Noel's automobile approaching. At that time she appeared to be about 700 feet away, and he thought he had time to pull out in front of her without danger. He continued to look in his mirror, and when she was about 300 feet behind him her car began to sway and swerve in the road. He first estimated her speed at 45 to 50 miles an hour, but later concluded it must have been about 60.

Appellant contends the evidence did not show conclusively that he was negligent or that his actions constituted the proximate cause of the accident. He insists appellee Noel did not have her automobile under reasonable control and that the jury might well have found that this was the sole cause of the accident.

KRS 189.440 provides that no person shall start a stopped vehicle "until the movement can be made with reasonable safety." KRS 189.380(2) provides that every person before changing the course of a vehicle on the highway, or before turning it when starting, shall give plainly visible signals "if it appears that the movement or operation of another vehicle may reasonably be affected by the change * *."

In view of appellant's testimony, the jury may have reasonably inferred that the duties imposed by these statutes were not violated because of the alleged distances between the two vehicles when appellant started up. Even if this were not found to be so, it is clear from the evidence that appellee Noel observed appellant's parked automobile; she knew who it was; and she knew that it was stopped there temporarily only for

the purpose of picking up Mrs. Smith. Her own state-ments show she anticipated appellant might start up because she says she blew her horn several times and took her foot off the accelerator as she approached, thereby slowing down to some extent.

In view of these facts, it cannot be said that there was no evidence of her negligence in not having better control of her automobile, nor can it be said a jury would be unwarranted in finding that her negligence constituted the proximate cause of this accident. It is a question of fact whether or not she could and should have been able to avoid this mishap, and even if her actions were not the sole cause, a jury might find that her negligence was at least a contributing cause. It is, therefore, our opinion that the trial Court improperly directed a verdict against appellant in favor of each of the appellees.

The trial Court also directed a verdict in favor of appellee Noel in the action by appellees Cavanah against her and appellant. Appellees Cavanah, who were the parties adversely affected, have not taken an appeal or cross-appeal. Appellant attempts to question the propriety of this ruling by taking a cross-appeal against appellee Noel, on the ground that he was prejudiced by that verdict because he might later have a right to contribution from her.

The Code provides that an appellee may take a cross-appeal. Civil Code of Practice, Section 755. In both of these cases the complaining party is the appellant. A more fundamental objection, however, is that a co-defendant as a general rule may not be heard to complain of errors affecting the rights of the plaintiff as against the other defendant. National Concrete Construction Co. v. Duvall et al., 150 Ky. 192, 150 S. W. 46; Martin v. Ackman, 270 Ky. 640, 110 S. W. 2d 437. The problem would be different if the complaining party was in privity with the party who was adversely affected, as the Civil Code of Practice, Section 734, grants such party the right of appeal. That relationship between appellant and the Cavanahs does not exist in this proceeding.

It is true appellant may have an inchoate right of contribution against appellee Noel, but it is settled that payment by a joint tort feasor is a condition precedent to enforcement of such right. Consolidated Coach Cor-

poration v. Burge, 245 Ky. 631, 54 S. W. 2d 16, 85 A. L. R. 1086; St. Lewis v. Morrison, D. C., 50 F. Supp. 570. It is contended by appellant that the judgment in favor of appellee Noel as against appellees Cavanah would be res judicata in a subsequent proceeding by appellant against her for contribution under KRS 412.030. However, since appellant has no cause of action against appellee Noel at the present time and may never have such right, the question is not before us and we do not undertake to decide it.

Wherefore, for the reasons stated, the judgments against appellant are reversed on the original appeals, the cross appeal is dismissed, and the cause is remanded for proceedings consistent with this opinion.