## STANDARD OIL COMPANY *v.* ROBB ET AL.

[No. 11,956. Filed November 19, 1925. Rehearing denied February 17, 1926. Transfer denied June 9, 1926.]

1. NEGLIGENCE.—*When question of negligence is for the jury.*—When the question of negligence is to be determined from conflicting evidence, it is one for the jury. p. 25.

2. EXPLOSIVES.—*Seller of inferior and dangerous illuminating oil to dealer, when liable to consumers.*—One who sold to a dealer inferior and dangerous illuminating oil in violation of the provisions of the oil inspection act of 1901 (Acts 1901 p. 516, §7888 Burns 1914), with knowledge that it was to be resold to consumers and other trade, was liable for damages to a purchaser thereof who was injured by an explosion when she attempted to use such oil in starting a fire, and lack of knowledge of its dangerous condition and character would be no defense, p. 26.

3. EXPLOSIVES.—*Privity of contract between vendor of illuminating oil and the ultimate consumer not necessary to create liability for explosion.*—Privity of contract between the vendor of illuminating oil and the ultimate consumer thereof was not necessary to create a liability on the part of a vendor for injuries resulting from an explosion of the same when he sold inferior and dangerous oil to a dealer with knowledge that it was to be resold to consumers. p. 26.

4. TRIAL.—*Verdict for one defendant and against other two held not improper in action for injuries resulting from explosion of inferior and dangerous oil sold by them.*—In an action against an oil company and two persons jointly engaged in retailing illuminating oil for injuries resulting from an explosion of oil sold by the latter and furnished to them by the former, a verdict against the oil company and one retailer and in favor of the other was not improper, but authorized by §596 Burns 1914, §621 Burns 1926. p. 29.

5. LIMITATION OF ACTIONS.—*Statute of limitations not defense to additional paragraphs of complaint filed after statute had run, stating cause of action in different way.*—The statute of limitations is not a defense to additional paragraphs of complaint stating the same cause of action in a different way from the paragraphs filed at the commencement of the action, though filed after the statute had run, as the cause of action remained the same. p. 29.

6. EXPLOSIVES.—*Testimony as to the explosive character of oil sold to others about same time was inadmissible, without evidence that it came from same container.*—In an action against an oil company and a retailer of its oil for injuries to a pur-

chaser resulting from an explosion of such oil, the admission of testimony as to the explosive quality of oil sold to other persons about the same time that plaintiff purchased the oil was error where there was no evidence that such oil came from the same container as was filled by the defendant oil company. p. 30.

7. EXPLOSIVES.—*In action for injuries resulting from explosion of oil sold by defendants, refusal of certain instructions requested by defendants was error.*—In an action against an oil company and a retailer of its oil for injuries to a purchaser resulting from an explosion of such oil, it was error to refuse to give instructions that the retailer was not the agent of the oil company and the latter was not liable for the acts of the former, that proof that the oil when sold to plaintiff was defective was not proof that it was defective when sold to the retailer, that if the accident was wholly unavoidable, for which no one was to blame, the verdict should be for the defendants. p. 31.

From Posey Circuit Court; *Herdis Clements,* Judge.

Action by Ada Robb against the Standard Oil Company and others. From a judgment against the company and one of the other defendants, the company appeals. *Reversed.* By the court in banc.

*LeForgee, Black & Samuels* and *Zimmerman & Barker,* for appellant.

*William Espenschied* and *Jesse E. Wade,* for appellees.

NICHOLS, P. J.—Action by appellee Robb against appellant and appellees Tretheway for damages because of personal injuries suffered by her as the result of an explosion of oil used by her in starting a fire in a cooking stove at her home on December 14, 1918.

The first five paragraphs of complaint were respectively dismissed, from time to time, as the issues were formed and trial had. It is averred in the sixth paragraph of complaint that on December 13, 1918, appellee was the wife of one Edgar Robb, living with him as a member of his household and in charge of the domestic arrangements of his family. That, on said date, the

Tretheways were engaged in a general merchandising business in the town of Stewartsville, Indiana, selling to the trade generally coal oil for illuminating purposes; that appellant was at the time engaged in supplying to those engaged in merchandising in said county coal oil for the purpose of sale to the trade generally for illuminating purposes; that the Tretheways had in their place of business a number of large cans or tanks which were used for the purpose of storing coal oil for sale to the trade generally for illuminating purposes.

That shortly before December 13, 1918, appellant negligently and carelessly placed in one of said cans or tanks, and so delivered to the Tretheways to be sold for illuminating purposes, a large quantity of oil or other substance which would flash at a temperature below 120 degrees Fahrenheit, and which would not stand an open fire test of 140 degrees Fahrenheit.

That at the time said oil or other substance was delivered to said Tretheways by appellant, it well knew that said oil or other substance was to be and would be sold by said Tretheways to the trade and public generally for illuminating purposes, and it well knew that the can or tank in which said oil or other substance was placed as aforesaid was used and kept by them for the purpose of storing and holding coal oil to be resold by them for the purposes aforesaid.

That on said date, appellee's husband presented a can to said Tretheways at their said place of business and requested them to sell him a sufficient quantity of illuminating oil to fill said can and to place said oil so purchased in it; that thereupon said Tretheways negligently and carelessly sold and placed in said can a sufficient quantity of oil to fill the same, which was a part of the oil so delivered to them by appellant to be resold by them in their retail trade.

That the oil so placed in the can as aforesaid was not

such illuminating oil as would bear a flash test of 120 degrees Fahrenheit, but that said oil or other substance would flash at a temperature below 120 degrees Fahrenheit, and thereby the Tretheways unlawfully sold to appellee's husband oil or other substance for illuminating purposes which would flash at a temperature below 120 degrees Fahrenheit. The oil was taken home and, on the following morning, appellee, without knowledge that said can contained oil or other substance which would flash at a temperature below 120 degrees Fahrenheit, but in the belief that the same contained oil for illuminating purposes, and which would bear a flash test of 120 degrees Fahrenheit, poured some of the contents of said can upon certain kindling in said kitchen stove which contained no fire, for the purpose of starting a fire therein, and then placed said can with its remaining contents, upon the floor of said kitchen some six or eight feet from said stove, and then applied a match to said kindling for the purpose of starting said fire, and immediately there was an explosion wherein and whereby appellee was severely burned, bruised and maimed, and her clothing burned from her body. That said injuries to appellee were caused by the unlawful sale of said oil for illuminating purposes, which would flash at a temperature of less than 120 degrees Fahrenheit, by the defendants to the said Edgar Robb as aforesaid.

The seventh paragraph of complaint is substantially the same as the sixth. Appellant demurred to each of these paragraphs for want of facts, with memorandum of the failure of the paragraphs to allege: (1) Knowledge on the part of appellant that said oil was in any particular defective; (2) that, by the exercise of reasonable care, it could have ascertained the same to be of said alleged defective quality; (3) negligence on the part of appellant in the manufacture, refining, testing

or delivery of said oil; (4) that said oil was uninspected or that it had been inspected and rejected for illuminating purposes; (5) nor any facts showing privity of contract between appellee and appellant under which it could be claimed that it was sold under an implied warranty of its quality.

Appellant's demurrer was overruled, and thereupon, it filed its answer in general denial to each paragraph of the complaint, and its second paragraph alleging, in substance, that the cause of action set out in each of said paragraphs is a new and different cause of action from that alleged in each of the first five paragraphs, and did not accrue within two years before the filing of said amended sixth and seventh paragraphs.

Appellee Robb filed a reply in general denial to the second paragraph of answer. There was a trial by jury which returned two verdicts, one for appellees against Alice Tretheway and appellant jointly for $1,800 and the other in favor of Herbert Tretheway.

After appellant's motion for a *venire de novo* and its motion for a new trial were each overruled, it appeals to this court from the judgment against it, presenting as error the action of the court in overruling its demurrer to the sixth and seventh paragraphs of answer, in overruling its motion for a *venire de novo*, and in overruling its motion for a new trial.

There is substantial evidence to sustain each of the allegations of the sixth and seventh paragraphs of complaint, as hereinafter appears. It is true that 1. such evidence was forcefully contradicted, but the question was for the jury.

When, therefore, we have determined as to whether there was error in overruling the demurrer to each of these paragraphs, we will have disposed of the principle which controls many of the questions presented by appellant.

It is provided by §7888 Burns 1914 that no oil or other substance, which, by the test therein described, flashes at any temperature below 120 degrees Fahrenheit, shall be allowed to be sold, offered for sale, or consumed for illuminating purposes in this state. By §7907, being of the same act, it is declared to be the meaning of the provisions of the act that oil or oils, to be lawfully sold in this state after inspection, shall bear the flash test of 120 degrees Fahrenheit, as provided in the first mentioned section. It thus appears that the State of Indiana has by statute prohibited the sale or use of coal-oil that by the test flashes at a lower temperature than 120 degrees Fahrenheit, thereby, in effect, declaring such oil unfit for illuminating purposes, and inherently dangerous for such purposes.

Sections 7889 and 7880 Burns 1914, being of the same act, provide for the appointment of a State Supervisor whose duty it is to make the inspection, but there is no evidence of such an inspection in this case. The only inspection made, so far as the evidence shows, was by employees of the oil company.

It is appellant's contention that, in order to make it liable, knowledge of the inferior condition of the oil sold must be brought home to it, and that it is only charged with reasonable care in determining the defective quality of the oil which it sells. Further, that it must be shown that there was privity of contract between it and appellee in order to make it liable. But these contentions cannot prevail. Appellant fails to discern the rule that governs in the sale of an article that is inherently dangerous, and, by the averments of the complaint as well as by the proof, such was the oil that caused appellee's injury. The case of *Hourigan* v. *Nowell* (1872), 110 Mass. 470, aptly states the rule as to knowledge and care that must govern here. In that case, the defendant asked the court to instruct

the jury that in case the oil sold was such that it could not be lawfully sold, he must have knowledge of the fact, and further, that if the oil had been inspected by an authorized inspector and pronounced of the quality required by law, then the defendant had no further duty to perform under the statute, which was similar in its provisions to the Indiana statute here involved, and would not be liable. But the court in its opinion used the following language: "It would be of no avail to the vender to offer the excuse that he did not know that the oil in question was dangerous, or that he had relied upon any information or certificate from any other person, even though skillful and experienced in such matters. It is not at all a question of diligence or good faith. The law proceeds upon the assumption that the ordinary purchaser at retail, or for domestic use, is not in a position to know whether the oil that he buys is such as the statute allows to be sold. It therefore provides expressly that all such oils, having certain qualities, are dangerous and unfit for ordinary use, and are not to be sold at all. For the protection of the community, the law throws upon the vendor the responsibility and burden of keeping himself, at his peril, within the terms of the statute, in dealing with a kind of article the use of which has been found to be attended with great danger."

While, in that case, it is held that even an inspection by an authorized inspector would not have protected the vendor of the oil, we do not need to decide that question, for here there was no inspection by an authorized inspector.

The case of *Cohn* v. *Saenz* (1919), 211 S. W. (Tex. Civ. App.) 492, thus disposes of the question of privity of contract: "The only proposition urged is that it affirmatively appears from the petition that Cohn owed no duty, contractual or otherwise, to the original plaintiff or his wife, and consequently could not have been

guilty of negligence to them or either of them. It is alleged that Cohn was a merchant who sold goods to Ramon Saenz, who had a small store, for purpose of resale to the public; that said Cohn negligently sold said Saenz a barrel of gasoline, or some other highly explosive substance similar to gasoline, labeled 'Coal Oil,' instead of coal oil, which had been ordered by said Saenz, and told said Saenz that it was coal oil, and oil to be used in lamps for lighting purposes. * * * It sufficiently appears from the averments that, when Ramon Saenz ordered from Cohn a barrel of coal oil for the purpose of resale in his store, it became the duty of Cohn, not only to the purchaser, but to the public, to deliver coal oil to Saenz, and it was his duty not to deliver in lieu of coal oil a substance exceedingly dangerous when used for purposes for which coal oil is commonly used. The law imposes on everyone the duty to avoid acts which are in their nature dangerous to the lives and health of others. * * * It is the duty of a seller of gasoline and coal oil, who knows the danger of life and health incident to the attempted use of gasoline, or any other highly explosive substance similar to gasoline, for illuminating purposes, not to sell the same as coal oil suitable for illuminating purposes. This duty he owes, of course, not only to his buyer, but, knowing that it is purchased for resale, he owes it to all who have occasion to purchase some of the substance."

We are in harmony with this statement. Other authorities to the same effect as the above in states with similar statutes in effect as ours are: *Thornhill* v. *Carpenter-Morton Co.* (1914), 220 Mass. 593, 108 N. E. 474; *McLawson* v. *Paragon Refining Co.* (1917), 198 Mich. 222, 164 N. W. 668; *Kearse* v. *Seyb* (1919), 200 Mo. App. 645, 229 S. W. 635; *Killam* v. *Standard Oil Co.* (1924), 248 Mass. 575, 143 N. E. 898; *Ellis* v. *Republic Oil Co.* (1906), 133 Iowa 11, 110 N. W. 20.

There was no error in overruling appellant's demurrer to the sixth and seventh paragraphs of complaint.

Appellant, contending that it was error for the court to overrule its motion for a *venire de novo*, argues that the two verdicts, one in favor of appellee Herbert Tretheway, and one against appellant and Alice Tretheway for $1,800, are inconsistent, and that both verdicts cannot stand. Appellant's contention is that the same rule applicable to master and servant, principal and agent, and to partners should apply; but we are not in harmony with this contention. None of the defendants was liable because of any relation borne to another defendant, but each was liable as an individual person for the injury which resulted through a violation of the statute, appellant's liability independent of the others being because of its violation of the statute in delivering oil or other substance to the Tretheways, knowing that it was to be used for illuminating purposes, which oil or other substance was not fit for the purpose. Had appellee's action been against appellant alone, under the authorities above cited, it can hardly be questioned that appellee would have been entitled to a judgment against it, and it is expressly provided by §596 Burns 1914 that: "Though all the defendants have been summoned, judgment may be rendered against any of them, severally, when the plaintiff would be entitled to judgments against such defendants if the action had been against them severally."

Appellant may not complain that there was no judgment against its codefendant, Herbert Tretheway.

Appellant earnestly contends that the cause of action stated in the sixth and seventh paragraphs of complaint is a different cause of action from that stated in the first five paragraphs, and that, as these paragraphs were filed after the expiration of two years from the date of the accident, appellant's plea of

the statute of limitations must prevail. But in our opinion, the cause of action as set forth in each of the sixth and seventh paragraphs of complaint filed was the same as that in each of the first five paragraphs. In *Jeffersonville, etc., R. Co.* v. *Hendricks, Admr.* (1872), 41 Ind. 48, on page 63, the court speaking of the cause of action says: "The cause of action, as set forth in the original and amended complaints, was the death of Mrs. Hendricks, caused by the wrongful act or omission of The Jeffersonville Railroad Company, and without fault on her part, and not the particular means or manner of her death."

So here, the cause of action of appellee as averred in each of her paragraphs of complaint was the injury which she suffered, caused by the wrongful act of appellant, and without her fault, and not the means or manner of her injury. It seems to us that this decision of the Supreme Court, which has been repeatedly cited with approval by both the Supreme Court and this court, is decisive of the question here presented, and that we must hold that the statute of limitations had not run. Other authorities to the same effect are: *Cleveland, etc., R. Co.* v. *Bergschicker* (1904), 162 Ind. 108, 110, 69 N. E. 1000; *Chicago, etc., R. Co.* v. *Bills* (1889), 118 Ind. 221, 20 N. E. 775; *Indianapolis St. R. Co.* v. *Fearnaught* (1907), 40 Ind. App. 333, 337, 82 N. E. 102.

Appellant complains that certain witnesses were permitted to testify as to the manner that oil acted which was purchased by them of the Tretheways at about the same time that the oil that injured appellee was purchased. Appellee had testified to the circumstances surrounding her injury, substantially as averred in the complaint. Witness Mackey, a district oil inspector, one of whose duties was to test coal oil and gasoline and who had made many tests, in answer to a hypothetical question embracing the substantial facts

surrounding appellee's injury and describing the manner of the explosion of the oil, gave as his opinion that such oil would flash at a temperature of less than 120 degrees Fahrenheit. As corroborative of this, evidence of the action of oil purchased at about the same time and from the same place was admitted. There was no evidence that such oil came from the same containers as were filled by the Standard Oil Company. On the contrary, there was evidence that the Tretheways had oil of another company in their store and that the oil purchased about the same time, and about the action of which witnesses testified, was not the oil from appellant. Because of the total absence of evidence showing that this oil came from the Standard Oil containers, it was error to admit the evidence.

Appellant concedes that instructions Nos. 2, 4, 6, 8 and 10 requested by appellee and given by the court, and instructions Nos. 19 and 22 tendered by appellant and refused by the court present the same questions that were presented by appellant's demurrer to the sixth and seventh paragraphs of complaint, the overruling of which we have held was not error. We hold, therefore, that the court did not err as to these instructions. Instructions Nos. 2 and 8 tendered by appellant and refused by the court would have instructed the jury against arriving at a verdict on mere guess, speculation or conjecture. Instruction No. 7, tendered by appellant and refused, would have instructed the jury that if it found from the evidence that the accident involved was a purely unavoidable one for which no one was to blame, the verdict should be for the defendants. Instruction No. 9, tendered by appellant and refused, would have informed the jury that appellant being a corporation was entitled to the same fair and impartial trial as if it were an individual. Instruction No. 11, tendered by appellant and refused, called the

jury's attention to the fact, as appears by the evidence, that the Tretheways were not the agents of appellant and that appellant could not be held liable for any of their acts. Instruction No. 18, tendered by appellant and refused, would have instructed the jury that the fact that when the oil was sold by the Tretheways to Robb, it was defective, would not of itself be proof of its defective qualities when sold by appellant to the Tretheways. There being no other instructions covering these points, and appellant having tendered instructions covering the same, it was error to refuse them.

For these errors, the judgment is reversed, with instructions to grant a new trial.

McMahan J., concurs in result.