Arthur **WILCOX**, Leslie Grier, George Porter, Abe Smith, Russell Waters and Otis Drummond, Plaintiffs-Appellants,

v.

**TRANSAMERICAN FREIGHT LINES, INC.**
and
**Harry Culyer, Defendants-Appellees.**

No. 17078.

United States Court of Appeals
Sixth Circuit.

Jan. 18, 1967.

George W. Weber, Jr., Cincinnati, Ohio, for appellants, Simpson & Jacobs, and Theodore Repper, Jr., Kondritzer,

Gold & Frank, Wolfson & Goldman, Cincinnati, Ohio, on the brief.

Leo J. Breslin, Cincinnati, Ohio, for appellees, Lindhorst & Dreidame, Cincinnati, Ohio, on the brief.

Before WEICK, Chief Judge, and PHILLIPS and CELEBREZZE, Circuit Judges.

PER CURIAM.

This appeal is from an order of the District Court granting Transamerican's motion for summary judgment and dismissing the complaint. There was no genuine issue over the facts. The sole question was whether Transamerican, an interstate common carrier by truck, was liable for negligence of the owner-driver of a tractor which it leased from him and which collided with an automobile, injuring the plaintiffs.

The owner-driver of the tractor was in the employ of Transamerican, but its defense was that at the time of the accident he was off duty and was not engaged in its business.

Plaintiffs contended that absolute liability for any negligence of the owner-driver existed because of Regulations of the Interstate Commerce Commission which provided in substance that the tractor should be under the complete control of Transamerican during the term of the lease.

In our opinion, the I.C.C. Regulations do not impose a liability on a carrier using leased equipment greater than that when operating its own equipment. Under Ohio law, liability of an owner of a motor vehicle for the acts of his employee, is governed by the principle of respondeat superior. White Oak Coal Co. v. Rivoux, 88 Ohio St. 18, 102 N.E. 302, 46 L.R.A.,N.S., 1091 (1913). If one of the owner's vehicles was being operated by an employee with permission but on a mission of employee's own, the owner cannot be held liable. The same rule applies to leased equipment. Thornberry v. Oyler Bros., 164 Ohio St. 395, 131 N.E.2d 383 (1955); Kaplan Trucking Co. v. Lavine, 253 F.2d 254 (6 Cir. 1958).

The owner-driver of the tractor on the day in question had completed a trip for Transamerican with his tractor attached to a trailer, and he had checked out on its official "sign out sheet" at its Dayton, Ohio terminal. His log showed he was "off duty". He waited at Transamerican's Dayton terminal, hoping to get another assignment, but when one was not forthcoming he decided to go to his home in Covington, Kentucky. He drove his tractor (the trailer having been detached), intending to leave it at Transamerican's Cincinnati terminal where he had parked his own automobile with permission. The accident occurred shortly after he left the Dayton terminal.

Transamerican did not know that he had taken his tractor to drive home, but he had implied authority to do so. He had intended to do some work on his tractor at the Cincinnati terminal, which he was required to do under the provisions of his lease in order to perform his obligation to maintain the tractor in proper operating condition. This was work for his own benefit which he could do himself or have performed by others. Normally as soon as he obtained his next work assignment he would have been required to report for duty to the Dayton terminal, from which place he would start on his next trip.

In driving his tractor on the way home after completion of his work and while off duty, he was not engaged in his employer's business, nor was he doing anything for the benefit of his employer.

Viewing the evidence in the light most favorable to the plaintiffs, the District Judge would have been required to direct a verdict in favor of Transamerican, if the case had gone to trial before a jury. Under these circumstances, the District Judge did not err in granting summary judgment in favor of Transamerican. He gave careful consideration to all of the contentions of the plaintiffs in a well reasoned memorandum opinion and supported his decision with ample authority.

Affirmed.