EMERSON E. WATSON, ADMINISTRATOR *v.* TEMPCO
TRANSPORTATION, INC. ET AL.

[No. 1271A260. Filed April 17, 1972. Rehearing denied May 26, 1972.
Transfer denied November 1, 1972.]

*Goltra, Cline, King & Beck,* of Columbus, for appellant.

*Thompson & Jones,* Columbus, *Ice Miller Donadio & Ryan* of Indianapolis, for appellees.

ROBERTSON, P.J.—This is a wrongful death action wherein summary judgment was entered in favor of defendant-appellant, Tempco Transportation, Inc., Plaintiff-appellant, Emerson E. Watson, as the administrator of the estate of Emma Lee Watson, Deceased, commenced this suit on October 7, 1970, in the Bartholomew Superior Court. Watson's complaint alleged *inter alia* that on May 31, 1970, Tempco was in the business of transporting intra and interstate motor freight, and on said date, a semi-tractor bearing Tempco identification stickers was being driven by Roland Alexander, an agent, servant, and employee of Tempco acting within the scope of his employment, in a westerly direction on Indiana State Highway 46 approximately one mile west of Hartsville, Indiana. The complaint alleged that defendant Alexander negligently failed to maintain his vehicle to the right of the center line, which resulted in a head-on collision

between the automobile in which Mrs. Watson was a passenger, and the defendants' truck, and that as a proximate result of the defendants' negligence, Mrs. Watson suffered fatal injuries.

Subsequent to the filing of Watson's complaint, Alexander and Tempco filed their respective answers. With its answer, Tempco also filed its motion for summary judgment and in support thereof the affidavit of Donald W. McCameron, the president of Tempco. McCameron stated in his supporting affidavit that the semi-tractor which was owned and operated by Alexander, but leased to Tempco, had been inspected approximately one week prior to the accident and had been found to be defective. For that reason Alexander was instructed to have the truck repaired and the vehicle was unavailable for dispatch until it had been reinspected and passed for service. McCameron further stated that at the time of the accident Alexander was proceeding to the Tempco office for the purpose of having his vehicle inspected and that he was not acting by, for, or on behalf of Tempco, nor was he acting within the scope of any employment with Tempco. The trial court thereafter sustained Tempco's motion for summary judgment, and entered judgment as follows:

"The motion for summary judgment filed by Tempco Transportation, Inc., having heretofore been heard by the Court on July 9, 1971 and taken under consideration, and the Court having examined the pleadings, the respective briefs of the parties together with the depositions of Roland Alexander, James Quick and Donald W. McCameron taken February 17, 1971, now finds that there is no genuine issue as to any material fact.

"The court further finds that at the time of the collision alleged in the complaint that for failure of consideration, there was no subsisting lease of equipment between Tempco Transportation, Inc., and the defendant, Alexander; that prior to the collision alleged in the complaint, the failure of defendant Alexander's tractor to pass safety inspection by defendant Tempco Transportation, Inc., was a condition subsequent which terminated the use of said tractor in Tempco's service; that the passing of a subsequent safety

inspection by Tempco Transportation, Inc., was a condition precedent to the return of Alexander's tractor to Tempco's service; that defendant Alexander was not operating said tractor at the time as agent or employee of Tempco Transportation, Inc.; that Tempco Transportation, Inc., had no legal interest in the operation of the tractor by defendant Alexander; and, that the defendant, Tempco Transportation, Inc. is entitled to judgment as a matter of law.

"IT IS, THEREFORE, ORDERED AND ADJUDGED BY THE COURT that the plaintiff take nothing on his complaint against the defendant, Tempco Transportation, Inc. Plaintiff pay the costs."

Watson's motion to correct errors, which was subsequently overruled, alleged three specifications of error:

"(a) The Court erroneously held that as a matter of law, the provisions of the trucking laws of the Federal government and the State of Indiana, and the rules promulgated by the Interstate Commerce Commission and the Public Service Commission of Indiana, protecting the motoring public in general, had no application in the instant case because there was no truck lease existing between the defendant, Tempco Transportation, Inc., and the defendant, Roland Alexander.

"(b) The Court erroneously held that as a matter of law, there was no valid truck lease in existence between the defendant, Tempco Transportation, Inc., and the defendant, Roland Alexander, for the truck involved in the accident in question.

"(c) The Court erroneously held that as a matter of law, the defendant, Tempco Transportation, Inc., had no legal interest in the truck in question at the time of the accident."

Under specification (a) of Watson's motion to correct errors, it is argued that the trial court erred in failing to apply the federal and state trucking laws as promulgated by the Interstate Commerce Commission and the Public Service Commission of Indiana. In *Pace* v. *Southern Express Company* (7th Cir. 1969), 409 F. 2d 331, as in the instant case, the plaintiff sought to avoid summary judgment by reliance on Rule 12(b) of the Public Service Commission of Indiana.

P.S.C.I. Rule 12(b), as found in Burns' Indiana Administrative Rules and Regulations, § (47-1215)-2(b), which provides:

"Lease of Equipment by and to Carriers. The leasing of equipment to a common and/or contract carrier shall result in the complete control of the equipment by said carrier as lessee. The motor carrier to which the vehicle is leased shall for the term of the lease be deemed the operator thereof and the terms of the lease shall indicate that said lessee motor carrier shall be responsible for the operation of the vehicle, including equipment, physical condition, insurance coverage, registration thereof, markings, driver's qualifications, and all other related matters, to the same degree and extent as if said lessee motor carrier were the regular owner thereof."

In response to the plaintiff's contention in *Pace, supra,* that the trial court erred in failing to apply Rule 12(b), the Circuit Court of Appeals stated:

"In our view, this rule only applies where the tractor is being operated on the lessee's business. We so held with respect to comparable Interstate Commerce Commission regulation in *Gudgel* v. *Southern Shippers, Inc.,* 387 F. 2d 723, 725-726 (7th Cir. 1967). *Wilcox* v. *Transamerican Freight Lines, Inc.,* 371 F. 2d 403, 404 (6th Cir. 1967) [per curiam], certiorari denied, 387 U.S. 931, 87 S. Ct., 18 L. Ed. 2d 992, is to the same effect. Similiarly, the provisions of the lease on which plaintiff relies were effective when Couture was operating the tractor on defendant's business. . . ." *Pace, supra,* 409 F. 2d at 334.

Thus, in determining if the I.C.C. and P.S.C.I. rules and similarly the provisions of the trucking lease were controlling at the time of the accident, the applicable test as established by *Pace, supra,* is whether or not the semi-tractor was being operated on the lessee's business. The crucialness of this determination is revealed by the fact that if the federal and state trucking laws were applicable at the time of the accident in question, then the lessee motor carrier is to be treated as the owner-operator of the vehicle

and a statutory employer-employee relationship between the lessee and lessor is created thereby.

While the trial court in the instant case failed to explicitly make a finding as to whether or not Alexander was operating the semi-tractor on Tempco's business at the time of the accident, it is reasonable to assume, in view of the court's other findings, that such a finding would be in the negative. With this assumption in mind, it must be resolved whether or not it was within the trial court's province to determine, by way of summary judgment, the relationship between Alexander and Tempco at the time of the accident. Watson, in his brief, contends that any issue as to the relationship between Alexander and Tempco at the time of the accident presented a question of fact which could only properly be determined by the jury. In support of this argument, Watson has cited the case of *Kaplan Trucking Company* v. *Lovine* (6th Cir. 1958), 253 F. 2d 254, wherein the lessee motor carrier contended on appeal that a judgment should have been directed in its favor because at the time of the collision the driver of the leased truck was not acting as the servant of the lessee motor carrier. The court responded to that argument in the following manner: "In our opinion the question of whether Fotta was in the scope of his employment on Kaplan's business when the collision occurred was clearly one for the jury." *Kaplan, supra,* 253 F. 2d, at p. 257.

Indiana is in accord with the 6th Circuit's opinion that the question of acting within the scope of employment is a question of fact for the jury. *Standard Oil Co. of Ind.* v. *Thomas* (1938), 105 Ind. App. 610, 13 N. E. 2d 336; *Sargent Paint Co.* v. *Petrovitzky* (1919), 71 Ind. App. 353, 124 N. E. 881. In *Roby* v. *Ziffrin,* etc.; *Perryman* v. *Roby* (1958), 128 Ind. App. 578, 148 N. E. 2d 215, this Court held that it was reversible error to take the case from the jury when a question was raised as to whether a semi-trailer truck was being used in the defendant motor carrier's busi-

ness when en route, at the defendant's direction, from the driver's home to pick up a load of steel.

It is nonetheless true that a defendant who is charged vicariously with liability under the doctrine of respondent superior may be entitled to judgment as a matter of law where the facts are undisputed and there is no evidence in support of the conclusion that a master-servant relationship existed. Such was the case in *Pace* v. *Southern Express Company, supra,* and *Pace* v. *Couture* (1971), 150 Ind. App. 220, 276 N. E. 2d 213. However, in the instant case, while the basic facts do not appear to be in dispute, there nonetheless is genuine disagreement between the parties as to the inferences to be drawn from those facts. It is well settled in the federal courts that where there exists a good faith disagreement as to the inferences to be drawn from the facts summary judgment is not proper. *Hart* v. *Johnston* (6th Cir. 1968), 389 F. 2d 239; *Massengale* v. *Transitron Electronic Corp.* (1st Cir. 1967), 385 F. 2d 83; *Williams* v. *Pacific Maritime Association* (9th Cir 1967), 384 F. 2d 935; *Moran* v. *Bench* (1st Cir. 1965), 353 F. 2d 193. The federal rule was followed by this Court in *Wozniczka* v. *McKean,* et al. (1969), 144 Ind. App. 471, 247 N. E. 2d 215:

> "A case is not one to be decided on summary judgment where, though the basic facts are not disputed, parties in good faith may nevertheless disagree about inferences to be drawn from the facts." *Wozniczka, supra,* 247 N. E. 2d at p. 230.

According to the depositions taken in this case, on the morning of the accident Alexander had been instructed by a Tempco officer to bring his vehicle into the Tempco terminal where, as was the customary practice, it would be inspected and if passed given a load to haul. While this evidence itself is not disputed, there does appear to be a good faith disagreement between the parties as to the inferences to be drawn therefrom. Watson has argued, by inferential use

of this testimony, that Alexander was acting under the direction and control and for the benefit of Tempco while proceeding to the Tempco office when the accident occurred. Tempco has, of course, argued in support of the contrary inference. Similarly, it is contended by Watson, and opposed by Tempco, that since under the applicable I.C.C. and P.S.C.I. rules it was Tempco's responsibility to maintain its trucks in good physical condition, Alexander was acting for the special benefit of Tempco in taking the vehicle to be repaired.

It is manifestly clear from the foregoing evidence and the arguments of the respective parties that there existed a good faith disagreement as to the inferences to be drawn from the evidence. Accordingly, it is our opinion that the conflict as to the inferences to be drawn from the facts of this case could only properly be resolved by the jury, and thus it was reversible error for the trial court to sustain Tempco's motion for summary judgment.

The judgment of the trial court granting summary judgment is hereby reversed, and the case remanded for further proceedings consistent with this opinion.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported in 281 N. E. 2d 131.