STATE OF INDIANA, INDIANA STATE HIGHWAY COMMISSION, RUEL W. STEELE, CHAIRMAN *v.* GLENDA M. CLARK, ADMIN. OF THE ESTATE OF ERNEST L. CLARK, DECEASED; S. J. GROVES AND SONS, VOLLMER ASSOCIATES, INC.

[No. 1-576A78. Filed January 24, 1978. Rehearing denied March 7, 1978. Transfer denied March 23, 1978.]

*Theodore L. Sendak*, Attorney General, *Susan J. Davis*, Deputy Attorney General, for appellant.

*Vernon J. Petri, John J. Fuhs*, of Spencer, *C. Thomas Billings, Williams, Cone & Billings*, of Greenfield, for appellee Clark, *Stephen Goldsmith, John T. Kolinski, Barnes, Hickam, Pantzer & Boyd*, of Indianapolis, for appellee S. J. Groves and Sons.

*STATEMENT OF THE CASE*

LOWDERMILK, J.—Defendant-appellant State of Indiana, Indiana State Highway Commission (State), appeals from a judgment in

favor of plaintiff-appellee Glenda M. Clark, which was rendered on a wrongful death action.

## FACTS

During the years of 1967 and 1968 the State constructed a stretch of highway on Interstate 70 near the Mt. Comfort Road interchange. Defendants-appellees S. J. Groves and Sons and Denton Construction Company had contracted to place the concrete pavement and the highway sub-base respectively. Defendant-appellee Vollmer Associates was the engineering consultant for the project, and Joe Raffaelli, an employee of the Indiana State Highway Commission, was the project supervisor.

The portion of highway which was constructed during 1967 and 1968 was a long, straight stretch of road which terminated in a relatively sharp curve. A highway overpass crossed Interstate 70 in the middle of the curved portion of Interstate 70.

After the road construction was completed, it was discovered that the superelevation or tilt of the curve was less than the project plans had specified. Superelevation or tilt is placed in a curve to enable a vehicle traveling at a high rate of speed to safely maintain its position on the roadway while negotiating the curve. The effect of the lessened superelevation in the case at bar was to lower the speed at which the curve could be comfortably and safely negotiated by the average motorist from 70 miles per hour to 43.4 miles per hour. There is also evidence which indicates that there were design and/or structural defects in the slope of the berm, the placing of the guard rail, and the positioning of the concrete pillars which supported the overpass.

The State rejected many proposed design modifications which had been suggested by Vollmer Associates. It was the direct responsibility of the State Highway Commission to set the stakes which determined the level of superelevation and to inspect the roadway to ensure the accuracy of the construction.

On January 19, 1969 at approximately 1:00 a.m., Ernest L. Clark, the plaintiff's decedent, was killed as the result of a one vehicle accident, which occurred when Clark's tractor and semitrailer left

the road, hit the guard rail, and collided with the concrete pillar which supported the overpass at the Mt. Comfort Road interchange. There were no skid marks and no witnesses, but one person, who had been passed by Ernest Clark's vehicle a few minutes before the accident occurred, testified that he saw nothing unusual about the way in which Clark's tractor and semitrailer was being driven.

Glenda M. Clark, administratrix of the estate of Ernest L. Clark, brought a wrongful death action against the State, Vollmer, and Groves, alleging negligence in the design, construction, inspection and maintenance of that portion of the highway on which Clark was killed. Cross claims were filed among the defendants, but those cross claims were severed from this action and are not a part of this appeal. At the close of plaintiff's evidence, Vollmer's and Groves' motions for judgment on the evidence was sustained, but the State's motion for judgment on the evidence was overruled.

After the presentation of all the evidence, the jury, which had been instructed by the court, rendered a verdict in favor of Clark and against the State in the amount of $162,500. The State timely filed its motion to correct errors and, upon the overruling of that motion, brought this appeal.

## ISSUES

The issues which have been presented to this court for review are as follows:

1.    Whether the trial court erred in granting co-defendants', Vollmer Associates, Inc. and S. J. Groves & Sons, motions for judgment on the evidence, made at the close of the plaintiff's case.

2.    Whether the trial court erred in overruling defendant State of Indiana's motion for judgment on the evidence.

3.    Whether the trial court erred in giving plaintiff's instruction No. 7, which disallowed any consideration by the jury of the fact that Glenda M. Clark had remarried.

## DISCUSSION AND DECISION

*Issue One*

The State contends that the trial court erred when it granted

Vollmer's and Groves' motions for judgment on the evidence at the close of the plaintiff's evidence. We need not address the merits of this issue because the State has no standing to challenge the trial court's rulings concerning Vollmer's and Groves' motions for judgment on the evidence.

In *City of Indianapolis v. Indiana State Board of Tax Commissioners* (1974), 261 Ind. 635, 308 N.E.2d 868, 870, our Supreme Court said:

"For the disposition of cases and controversies, the Court requires adverse parties before it. Standing focuses generally upon the question of whether the complaining party is the proper person to invoke the Court's power. However, more fundamentally, *standing is a restraint upon this Court's exercise of its jurisdiction in that we cannot proceed where there is no demonstrable injury to the complainant before us. . . .*" (Our emphasis)

In the case at bar the State has not demonstrated that it was injured by the trial court's granting of Vollmer's and Groves' motions for judgment on the evidence.

In Indiana a defendant tortfeasor cannot complain when judgment is rendered against him, but not against one or more of his codefendants. See *Standard Oil Co. v. Robb* (1925), 85 Ind. App. 21, 149 N.E. 567, and *Smith et al. v. Graves* (1915), 59 Ind. App. 55, 108 N.E. 168. See also Ind. Rules of Procedure, Trial Rule 50(D).

There is no right to contribution among joint tortfeasors in Indiana. See *Smith et al., supra.* Therefore, the State had no right to contribution from Vollmer and Groves. No injury to the State has been shown, because the State's cross claims against its codefendants, Vollmer and Groves, were severed from this action and were to be separately adjudicated. As a result of the State's failure to show injury or prejudice, it does not have standing to challenge the trial court's granting of Vollmer's and Groves' motions for judgment on the evidence.

The State, citing *Watson v. Tempco Transportation, Inc.,* (1972), 151 Ind. App. 644, 281 N.E.2d 131, contends that it is improper for a court to grant summary judgment (or judgment on the evidence)

in a case where agency issues are involved, and that, because certain agency issues were involved in the case at bar, the trial court erred in granting Vollmer's and Groves' motions for judgment on the evidence. We do not agree.

Clark's complaint does not base her right to recover on any agency relationship which might exist between the codefendants; her complaint is predicated upon the individual liability of each of the codefendants. Therefore, the principle in *Watson, supra,* does not apply in the case at bar.

The State also alleges that, when the trial court granted Vollmer's and Groves' motions for judgment on the evidence and simultaneously denied the State's motion, the jury became prejudiced against the State's case, and the State was denied a fair and impartial trial. We find no prejudice. If we were to find prejudice whenever a trial court granted judgment on the evidence as to fewer than all of the codefendants, such would contravene the procedure expressly set forth by our Supreme Court in TR. 50(D). This we cannot do.

*Issue Two*

The State alleges that the trial court erred in overruling its motion for judgment on the edvidence. We disagree.

On page 15 of its appellant's brief, the State admits:

". . . Indiana law is clear that the standard for directing a verdict at the end of the plaintiff's case is proper only when the evidence is without conflict and is susceptible to only a single inference in favor of the moving party. Indiana Rules of Trial Procedure, TR. 50; *Jordanich v. Gerstbauer* (1972) 153 Ind. App. 416, 287 N.E.2d 784; *Strong v. Commercial Carpet Co.* (1975) 163 Ind. App. 145, 322 N.E.2d 387."

In ruling upon a motion for judgment on the evidence, the evidence must be construed in a light most favorable to the party against whom the motion is directed. We hold that, when considered in a light most favorable to Clark, Clark's evidence and the reasonable inferences therefrom were sufficient to establish each and every element of her claim to relief. In fact, the State made the following admission on page 16 of its brief, ". . . the evidence in this case arguably supports an inference of State liability."

The State contends that, under the doctrine of sovereign immunity, the State is immune from liability in the case at bar. The State contends that *Campbell v. State* (1972), 259 Ind. 55, 284 N.E.2d 733, and *Board of Commissioners of Delaware County v. Briggs* (1975), 167 Ind. App. 96, 337 N.E.2d 852, hold that before a plaintiff can have standing to recover in a negligence action against the State, the State must breach a duty owed to private individuals, and that where the State's duty is a public one, then acts done in furtherance of that public duty are discretionary and immune from suit.

The State then states the following at page 19 of its appellant's brief:

"The State would maintain the State owed the Plaintiff no private duty to protect her decedent or to prevent him from having an accident. Rather the State owed a public duty to build reasonably safe roads so as to minimize accidents in general. In fulfilling that public duty the State through its employees exercise their discretion in the way they design, construct and maintain public highways. Application of *Simpson, Campbell* and *Briggs* to the case at bar compel a conclusion that immunity applies here."

As is evident from the quote in its brief, *supra,* the State has misconstrued the respective meanings of private duty, public duty, and discretionary act.[1] In *Elliott v. State* (1976), 168 Ind.

---

1. This court in *Briggs, supra,* discussed at length the meanings of public duty, private duty, and discretionary act as they relate to sovereign immunity. On page 29 of her appellee's brief, Clark gives an excellent summary of the pertinent parts of the *Briggs, supra,* opinion, as they relate to the case at bar, as follows:

". . . In *Briggs,* the Court of Appeals, per Judge Lowdermilk specifically held that the alleged failure of the governmental unit to maintain warning signs on a highway was not discretionary so as to permit the government to shield itself from liability under the guise of the doctrine of sovereign immunity. *Briggs,* supra, recognized that Campbell had abolished the doctrine of sovereign immunity. The only situations in which the doctrine might arguably be applicable are those situations where certain 'personal' immunities, e.g., judicial immunity, legislative immunity, etc., have not been abrogated. 337 N.E.2d 852 at 860. After *Campbell* and *Briggs* the only situation where the State might arguably invoke the doctrine of sovereign immunity is where a claim of respondeat superior liability is asserted against the State and the situation is such that the servant himself is not liable because of the protection of a 'personal' governmental immunity. 337 N.E.2d 852 at 861. Such is obviously not the situation here as Clark was not proceeding under a claim of respondeat superior and there was no servant who was not liable because of a 'personal' governmental immunity."

App. 210, 342 N.E.2d 674 this court held that the State has a general duty to exercise reasonable care in designing, constructing, and maintaining its highways for the safety of public users. Therefore, as a result of the holdings in *Campbell, supra, Briggs, supra,* and *Elliott, supra,* sovereign immunity is not available to the State as a defense, and where the State has breached its duty of reasonable care, the State is liable for the damages which were proximately caused by that breach.

In light of the fact that in the case at bar the State had an affirmative duty to design, construct, and maintain its highways for safe use by motorists, in light of the fact that the doctrine of sovereign immunity has been abolished, and in light of the fact that Clark presented evidence on each and every element of her claim, there was sufficient evidence for the trial court to send the case to the jury, so that the jury could weigh the evidence, judge the credibility of the witnesses, and render a verdict thereon. Therefore, the trial court did not err in overruling the State's motion for judgment on the evidence.

*Issue Three*

The State contends that the trial court erred in giving to the jury Plaintiff's Instruction No. 7 as follows:

"You are further instructed under the laws of this state the fact that a widow of a decedent has remarried cannot be considered in assessing damages recoverable by her and would have no effect on the children[']s right to recover. Thus, during your deliberation as to the amount of damages, if any, that Plaintiff Glenda M. Clark is entitled to recover, you are not to discuss the fact that she has remarried and you are expressly forbidden from considering the fact that she has remarried in assessing what damages, if any, she and her children are entitled to recover. Any monies which you may award in this case will be distributed by the court thru the estate pursuant to Indiana law." (Our insert)

Therefore, the discretionary act and public duty, which gives rise to immunity on the part of the State, only arises when an officer of the State, such as a judge or a legislator, who has breached that public duty, can invoke personal immunity for his own protection. Where no such personal immunity is available to the agent of the State, the State itself has no immunity.

The State admits that present Indiana law, concerning the remarriage of a widowed plaintiff, prohibits the introduction of any evidence of the widowed plaintiff's remarriage; therefore, such evidence cannot be considered by the jury in assessing damages. *Wabash Railroad Co. v. Gretzinger* (1914), 182 Ind. 155, 104 N.E. 69.

The State urges this court to adopt a new standard wherein such evidence of a widowed plaintiff's remarriage can be considered by the jury, as a mitigating factor, when damages are assessed.

We decline the State's invitation to depart from a principle which is recognized by our Supreme Court and by a majority of the courts of the United States as being correct. Evidence of financial benefit resulting from the remarriage of a widowed plaintiff would constitute a collateral source which could not properly be considered by the jury in assessing damages. Just as it is improper for a jury to consider insurance payments made to an injured plaintiff in computing damages, so also is it improper for a jury to consider financial benefits derived from a widowed plaintiff's remarriage. We hold, therefore, that the trial court did not err in giving Plaintiff's Instruction No. 7.

Judgment affirmed.

Robertson, C.J. and Lybrook, J. concur.

NOTE—Reported at 371 N.E.2d 1323.