815 F.2d 704
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kathryn LEACH, by Martin Leach, her guardian, et al.,
Plaintiff-Appellant,
v.
NEWPORT YELLOW CAB, INC., John A. Hay, Charles Demoss,
Consolidated Rail Corporation, Defendants-Appellees.
 No. 86-3133.
 United States Court of Appeals, Sixth Circuit.
 March 3, 1987.
 
 Before KEITH, KRUPANSKY and GUY, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiff Kathryn Leach appeals from the order entered by Judge Walter H. Rice of the Southern District of Ohio granting co-defendant Conrail summary judgment in this negligence diversity action. We affirm.
 
 
 2
 Conrail entered into a contract with co-defendant Newport Yellow Cab under which Newport would provide at Conrail's request vans and drivers to transport Conrail employees from one location to another. After making a delivery of Conrail employees on the night of August 5, 1980, an empty Newport Yellow Cab van broke down on the road during the return trip. The driver left the unlighted vehicle in the driving lane and walked away to obtain help. Plaintiff's vehicle later struck the vehicle from the rear, causing injuries which have left her in a semi-comatose state.
 
 
 3
 In the district court, plaintiff sought to recover damages on a respondeat superior theory based on Conrail's contract with Newport Yellow Cab. Conrail, however, sought and obtained summary judgment on two grounds. First, the court held that when the accident occurred, Newport Yellow Cab had completed its service to Conrail under the terms of the contract. Thus, since the accident occurred outside of Newport's scope of employment with Conrail, Conrail was not liable. Second, the district court agreed with Conrail's contention that Newport Yellow Cab was an independent contractor rather than Conrail's servant. As a consequence, Conrail could not be held liable under a respondeat superior theory.
 
 
 4
 Plaintiff now raises these two issues on appeal. First, she asserts that it was error for the district court to grant summary judgment to Conrail on the ground that Newport Yellow Cab was not within its scope of employment under the contract with Conrail. Ohio law, plaintiff contends, makes Conrail liable for the accident on the return trip even though the van was empty and the Conrail passengers already delivered. Second, she contends that the district court erred in holding that Conrail employed Newport Yellow Cab as an independent contractor. The incidents of the contract, she argues, make Newport a servant of Conrail rather than an independent contractor.
 
 
 5
 We disagree. We find no error in Judge Rice's interpretation of relevant Ohio and federal law. Our careful review of the briefs and the record leads us to the conclusion that Newport Yellow Cab was not engaged in business for Conrail at the time of the collision but rather was acting outside of its scope of employment under the contract. See Simon v. McCullough Transfer Company, 155 Ohio St. 104, 98 N.E.2d 19 (1951) (employer of independent contractor freight carrier not liable where independent contractor had already completed delivery and was driving an empty vehicle at the time of the accident); Wilcox v. Trans American Freight Lines, Inc., 371 F.2d 403 (6th Cir.), cert. denied, 387 U.S. 931 (1967)
 
 
 6
 We also concur with Judge Rice's holding that Newport Yellow Cab acted as an independent contractor, thus relieving Conrail of respondeat superior liability. The contract between the parties explicitly disclaims a master-servant relationship between the parties. Moreover, the district court correctly found that the incidents of Conrail's relationship with Newport Yellow Cab did not rise to the level of control and authority necessary for a master-servant relationship.
 
 
 7
 Finally, our careful review of the record revealed no affidavits, pleadings or other evidence setting forth a genuine issue of material fact that would require us to reverse the decision of the district court.
 
 
 8
 Accordingly, based on our analysis and the rationale in the memorandum accompanying Judge Rice's order, the judgment of the district court is AFFIRMED.