106 F.3d 400
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jeanette J. GILSTORFF, Plaintiff,
v.
TOP LINE EXPRESS, INC., Defendant/Third-Party Plaintiff-Appellant,
and
Vanliner Insurance Company, Intervenor/Third-Party,
Plaintiff-Appellant,
and
Kenneth S. Hickman; Ralph M. Smith, Defendants-Appellees,
v.
MTC FREIGHT SYSTEMS, INC.; Pacific Employees Insurance
Company, Third-Party Defendants-Appellees.
 No. 96-3081.
 United States Court of Appeals, Sixth Circuit.
 Jan. 14, 1997.
 
 On Appeal from the United States District Court for the Northern District of Ohio, 910 F.Supp 355 No. 94-07327; David A. Katz, District Judge.
 N.D.Ohio
 REVERSED.
 Before: GUY, SUHRHEINRICH and COLE, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant Top Line Express, Inc. ("Top Line") and Intervenor/Third-Party Plaintiff Vanliner Insurance Company (collectively "Appellants") appeal the district court's grant of summary judgment against them in this diversity action. We REVERSE.
 
 I.
 
 2
 On July 14, 1993, plaintiff Jeannette Gilstorff and two others were in an accident with a tractor-trailer ("truck") owned by defendant Ralph M. Smith and driven by defendant Kenneth S. Hickman. The truck was under permanent lease to Top Line, an authorized motor carrier.[1] On the morning of the accident, Hickman had driven a load for Top Line and then entered into a written trip lease with third-party defendant MTC Freight Systems ("MTC") for the return trip. The accident occurred while the trip lease was in effect. The truck was displaying Top Line's placards and ICC number, however.
 
 
 3
 Vanliner is Top Line's insurer. Third-party defendant Pacific Employers Insurance Company ("Pacific Employers") insures MTC.
 
 
 4
 Gilstorff sued Top Line, Hickman, and Smith. Top Line filed cross-claims for indemnity and contribution against Hickman and Smith. Vanliner intervened, and Top Line and Vanliner filed an amended third-party complaint for indemnity, contribution and declaratory relief against defendants Hickman and Smith, and third-party defendants MTC and Pacific Employers.[2] MTC in turn counterclaimed against Vanliner and Top Line and filed cross-claims against Hickman and Smith. Pacific Employers asserted counterclaims against Top Line and Vanliner and cross-claims against Hickman and Smith.
 
 
 5
 MTC, Pacific Employers, Top Line and Vanliner each moved for summary judgment and declaratory relief. Meanwhile, defendants settled with plaintiff and the other parties. Pacific Employers and Vanliner each paid one-half of the settlement, pending resolution by the district court of relative liabilities and insurance coverage issues.
 
 
 6
 The district court found that Hickman was primarily liable, and that both Top Line and MTC were vicariously liable for Hickman's conduct. The court based Top Line's liability on the fact that the lease was in effect and that its ICC placards and identification were on the truck. MTC's liability was predicated on federal requirements that MTC obtain liability insurance and assume complete responsibility for the equipment, as well as contract law. This made Vanliner, as Top Line's insurer, and Pacific Employers, as MTC's insurer, also vicariously liable.
 
 
 7
 As to the separate question of the parties' liability relative to each other, the court found the actual display of the placard on the truck to be dispositive, making Top Line primarily liable. The court then determined that Top Line's indemnity claim against MTC, purportedly based on MTC's agreement in the trip lease to display its placards on the truck, was defeated by an indemnity provision in the trip lease agreement making the "Lessor" liable for all public liability. In doing so, the court substituted Top Line for Smith as the "Lessor."
 
 
 8
 Finally, the district court concluded that because Top Line was ultimately liable to plaintiff, Vanliner's coverage was primary. Vanliner was therefore liable for the entire settlement amount. The court further concluded that Vanliner did not have a right of indemnification or contribution against Smith and/or Hickman because Hickman was an insured under Vanliner's policy to Top Line. Vanliner also had no right of indemnification or contribution against MTC or Pacific Employers because their liability was secondary to Vanliner's. Vanliner was therefore directed to pay $382,500 to Pacific in settlement of Pacific's right of indemnity against Vanliner. This appeal follows.
 
 II.
 
 9
 We review de novo the district court's grant of summary judgment. Johnson v. United States Postal Serv., 64 F.3d 233, 236 (6th Cir.1995). In diversity cases, this court applies state law in accordance with the controlling decisions of the Ohio Supreme Court. Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938); Bailey Farms, Inc. v. NOR-AM Chem. Co., 27 F.3d 188, 191 (6th Cir.1994). If the state supreme court has not yet addressed the issue presented, we must predict how that court would rule, by looking to "all available data," including state appellate decisions. Kingsley Assocs., Inc. v. Moll PlastiCrafters, Inc., 65 F.3d 498, 507 (6th Cir.1995).
 
 
 10
 We agree with the district court's rulings that Hickman, Top Line and MTC are all liable for the accident. Hickman is the primary tortfeasor.[4] Top Line is vicariously liable because the permanent lease was still in effect[5] and Top Line's placards and identification were left on the truck. See Wyckoff Trucking, Inc. v. Marsh Bros. Trucking Serv., Inc., 569 N.E.2d 1049 (Ohio 1991). The district court's application of Wyckoff, and Wyckoff itself, are consistent with federal law.[6] See 49 U.S.C. § 11107(a)(4)[7]; 49 C.F.R. §§ 1057.12(c)(1); 1043.1(a); 387.15; 1057.11(c)(1); 1058.2. MTC's liability likewise arises from the federal regulations.
 
 
 11
 The district court was also correct in holding that Top Line was ultimately liable to the plaintiff, but that it could seek contribution and/or indemnification from other potentially responsible parties. See Wyckoff, 569 N.E.2d at 1053. See generally Ohio Rev.Code Ann. §§ 2307.31 (Page 1995) (contributions among tortfeasors) and 2307.32 (enforcement of contribution); and Reynolds v. Physicians Ins. Co., 623 N.E.2d 30, 31 (Ohio 1993) (stating that rule of indemnity provides that "where a person is chargeable with another's wrongful act and pays damages to the injured party as a result thereof, he has a right of indemnity from the person committing the wrongful act, the party paying the damages being only secondarily liable; whereas, the person committing the wrongful act is primarily liable"). At a minimum, then, both Top Line and MTC have a right of indemnification against Hickman. Top Line also has a right of contribution from MTC, because they are joint tortfeasors, albeit vicarious ones.
 
 
 12
 The district court erred, however, in providing MTC with a contractual right of indemnity against Top Line, which it did by making Top Line the "Lessor" in the trip lease agreement. First and foremost, Top Line is not a named party to the trip lease agreement. Only Smith and MTC are. When read in this context, "prior CARRIER approval" means simply approval by the permanent lessee to the independent contractor--here, Hickman--to enter into a short term lease with another carrier and therefore be temporarily unavailable to the permanent lessee. It does not mean approval to enter into a contract to trip lease on behalf of Top Line. This reading is also consistent with (1) the general provision in the permanent lease that the independent contractor is not an agent of the carrier-lessee, (2) the financial arrangements, and (3) Hickman's own understanding. As a result, MTC does not have any contractual right of indemnity against Top Line.
 
 
 13
 This leaves the question of insurance coverage. Although Wyckoff did not address the issue, several appellate panels have extended the Wyckoff presumption of statutory employment to hold that the statutory employer's insurance company has primary responsibility for coverage. Ohio Cas. Ins. Co. v. United S. Assur. Co., 620 N.E.2d 163, 165-66 (Ohio Ct.App.1993). See also Gulick v. Costain Coal, Inc., No. 95CA24, 1996 WL 608452 (Ohio Ct.App. Oct. 9, 1996) (following Ohio Cas.); Canal Ins. Co. v. Brogan, 639 N.E.2d 1219 (Ohio Ct.App.1994) (same). Under this approach, Vanliner would be primarily liable.[8] This is not a unanimous view, however. Other Ohio appellate panels have limited Wyckoff to its literal application as between the innocent victim and an interstate carrier-lessee whose ICC number appears on the vehicle, because Wykcoff itself indicates that the statutory employee may seek contribution and/or indemnification from other potentially responsible parties. See Tolliver v. Braden, --- N.E.2d ----, C-950017, 1996 WL 348190 (Ohio Ct.App. June 26, 1996) (per curiam); Harco Nat'l Ins. Co. v. American Inter-Fidelity, Inc., No. L-93-313, 1994 WL 530834 (Ohio Ct.App. Sept. 30, 1994); Balez-Pierce v. Price & Boyce, Inc., 619 N.E.2d 1194, 1196 (Ohio Ct.App.1993); Lime City Mut. Ins. Ass'n v. Mullins, 615 N.E.2d 305, 308-09 (Ohio Ct.App.1992). See generally, Taft Equip. Sales Co. v. Ace Transp., Inc., 851 F.Supp. 1208, 1215 (N.D.Ill.1994). We think the latter view is more consistent with the holding in Wyckoff. Pacific Employers is therefore not off the hook solely because of Vanliner's liability to the plaintiff.[9]
 
 
 14
 As noted, both Vanliner and Pacific Employers (as subrogees of their respective insureds) have an indemnification claim against Hickman. Hickman is covered by both the Vanliner and MTC policies under identical permissive user provisions. See CA 00 12 12 90 (Pacific Employers); CA 23 20 (Vanliner). Top Line's failure to remove its placards gave implied consent to Hickman. See Paul v. Bogle, 484 N.W.2d 728, 733-34 (Mich.Ct.App.1992). MTC, by virtue of the written trip lease, also made Hickman a permissive user. Thus, our analysis boils down to the identical "other insurance" provisions.[10] Each provides primary coverage for any covered "auto" while hired or borrowed by you and used exclusively in your business as a "trucker" and pursuant to operating rights granted to you by a public authority." CA 00 12 12 90 (Pacific Employers); CA 23 20 (Vanliner). Under that definition, Pacific Employers' policy becomes primary and Vanliner's excess because the truck was hauling freight exclusively for MTC in its capacity as a "trucker" and pursuant to its operating rights (as reflected in the trip lease agreement) at the time of the accident.
 
 
 15
 Pacific Employers' coverage limit is $1,000,000. It is therefore liable for the total amount of the settlement to all three accident victims, $765,000.[11] Pursuant to the insurance companies' agreement, Pacific Employers is directed to reimburse Vanliner in the amount of $382,500. See p 7(c) of the insurers' settlement arrangement.
 
 
 16
 REVERSED and REMANDED for further proceedings consistent with this opinion.
 
 
 
 [1]
 Both Top Line and MTC operate pursuant to the authority of the Interstate Commerce Commission ("ICC")
 
 
 [2]
 Other parties named but not relevant to this appeal have been omitted
 See Gilstorff v. Top Line Express, Inc., 910 F.Supp. 355 (N.D.Ohio 1995).
 
 
 [4]
 Like the district court, we assume for purposes of this appeal that a jury would have found Hickman primarily liable to plaintiff
 
 
 [5]
 Under the terms of the permanent lease no party had formally terminated or otherwise breached the permanent agreement. See pp 11, 20. Cf. Canal Ins. Co. v. Brogan, 639 N.E.2d 1219 (Ohio Ct.App.1994) (rejecting permanent lessee's argument that lease was not in effect even though terms of agreement purported to deny permanent lessee's liability where owner-operator was not carrying cargo for lessee, since there was no proof that either party had canceled or terminated lease, and agreement stated that it would remain "in full force and effect until canceled in conformity with the provisions hereof")
 
 
 [6]
 Most courts have concluded as a matter of federal law that the ICC regulations impose an irrebuttable statutory employment relationship between the driver and carrier-lessee. See, e.g., Planet Ins. Co. v. Transport Indem. Co., 823 F.2d 285 (9th Cir.1987) (noting that "[t]he special interstate character of the authorized carrier industry underscores the need to refer to the federal scheme to determine when mandatory coverage comes into effect"); Baker v. Roberts Express, Inc., 800 F.Supp. 1571, 1574 (S.D.Ohio 1992); Laux v. Juillerat, 680 F.Supp. 1132, 1136 (S.D.Ohio 1987), aff'd 860 F.2d 1079 (6th Cir.1988) (unpublished). Cf. Johnson v. S.O.S. Transport, Inc., 926 F.2d 516, 521 (6th Cir.1991) (stating in dicta that "[u]ndoubtedly, 49 U.S.C. § 11107(a)(4) and 49 C.F.R. § 1057.12(c)(1) render lessee carriers vicariously liable, notwithstanding traditional principles of agency, for injuries sustained by third parties resulting from the negligence of drivers of leased vehicles"). The Sixth Circuit has not yet done so however. In Wilcox v. Transamerican Freight Lines, Inc., 371 F.2d 403 (6th Cir.1967) (per curiam), we held that "the ICC regulations do not impose liability on a carrier using leased equipment greater than that when operating its own equipment." Id. at 404. This decision has been criticized by other courts, see Rodriguez v. Ager, 705 F.2d 1229, 1236 (10th Cir.1983); Paul v. Bogle, 484 N.W.2d 728, 733 (Mich.Ct.App.1992); Rediehs Express, Inc. v. Maple, 491 N.E.2d 1006 (Ind.Ct.App.1986); Harvey v. F-B Truck Line Co., 767 F.2d 254 (Idaho 1987); as well as questioned by our own, see Atlanta Int'l Ins. Co. v. Faulkner, No. 86-1747, 1987 WL 37796 (6th Cir. June 25, 1987) (holding that because issue could be decided on alternative grounds "we need no [sic] address the continued propriety of the Wilcox rationale"); Fossett v. Ligon Specialized Haulers, Inc., No. 84-5948, 1985 WL 13962 (6th Cir. Nov. 11, 1985) (noting that because defendant had abandoned claim regarding liability of lessee "we need not decide the current force of our decision in Wilcox "), but has never been overruled. See also Wyckoff Trucking, Inc. v. Marsh Bros. Trucking Serv., Inc., 569 N.E.2d 1049 (Ohio 1991) (abrogating Wilcox on other grounds). In any event, Wyckoff is an accurate statement of federal law. See Baker, 800 F.Supp. at 1574 n. 6
 
 
 [7]
 All references to the United States Code and to the Code of Federal Regulations are to the 1995 texts
 
 
 [8]
 Although the district court did not cite Ohio Cas. Ins. Co. v. United S. Assur. Co., 620 N.E.2d 163 (Ohio Ct.App.1993), it implicitly adopted this approach
 
 
 [9]
 Given this conclusion, we need not decide how the Ohio Supreme Court would treat the federally-mandatory ICC endorsement in the relationship between respective insurers, because both Vanliner and Pacific Employers' policies contain one, and therefore negate each other. See generally Prestige Cas. Co. v. Michigan Mut. Ins. Co., 99 F.3d 1348 (6th Cir.1996) (discussing various approaches to question of effect of ICC endorsement upon ultimate determination of which insurer bears ultimate burden of loss; applying Michigan law
 
 
 [10]
 The analysis is the same if we conclude that Vanliner provides coverage to Top Line for the accident and Pacific Employers provides coverage to MTC for the accident
 
 
 [11]
 We do not consider MTC's potential claim for indemnification from Smith pursuant to the trip lease because that issue was not presented